COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-09-324-CR

 

STUART EADS CLEMENTS                                                    APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

                 FROM
COUNTY COURT AT LAW OF WISE COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

I. 
Introduction

In one
issue, Appellant Stuart Eads Clements appeals his conviction for misdemeanor
assault, arguing that the evidence is legally insufficient to prove assault as
alleged in the State=s information.  We affirm.

 

 








II. 
Background

Viola
Gasper hired Terry Cobb, a self-employed construction worker, to install a
septic tank in her front yard.  When Cobb
arrived on the third day to finish the job, he saw Clements, Gasper=s
neighbor, walking around in his front yard. 
Cobb did not think anything of it and proceeded to walk to the area in
Gasper=s yard
where he had been working.  Clements
approached the fence between his and Gasper=s yards
and told Cobb that he worked nights and that the sound of Cobb=s
tractor had been keeping him up during the day. 
An argument ensued, resulting in an altercation between Clements and
Cobb. 

Cobb
filed a formal complaint with the sheriff=s
office, which eventually led the State to charge Clements with assault, a class
A misdemeanor.  The information read in
pertinent part that:  A. . .
one STUART EADS CLEMENTS, did then and there intentionally and knowingly
cause bodily injury to TERRY COBB, to-wit:  BY HITTING TERRY COBB IN THE FACE CAUSING
PAIN.@  The jury found Clements guilty of assault as
charged in the information.  The trial
court assessed punishment at 365 days=
confinement in county jail, suspended Clements=s
confinement, placed him on probation for two years, and assessed a $1,500
fine.  This appeal followed.

 

 








III.  Legal
Sufficiency

In his
sole issue, Clements asserts that the evidence is legally insufficient to
support the jury=s finding that he assaulted Cobb
by hitting him in the face because there was no testimony that Cobb was hit in
the face.

In
reviewing the legal sufficiency of the evidence to support a conviction, we
view all of the evidence in the light most favorable to the prosecution in
order to determine whether any rational trier of fact could have found the
essential elements of the crime beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307,
319, 99 S. Ct. 2781, 2789 (1979); Clayton v. State, 235 S.W.3d 772, 778
(Tex. Crim. App. 2007). 

At
trial, in addition to seeing photographs of Cobb=s face
taken after the incident, which showed what appears to be abrasions all over
Cobb=s face
and a split lip, the jury also heard Cobb=s
testimony about the altercation and Deputy James Rodgers=s
observations of what Cobb looked like shortly after the altercation.   

Cobb
testified that Clements walked to the end of the fence, crossed over into
Gasper=s yard,
and grabbed Cobb by the jacket.  Cobb
then








hit [Clements] in the stomach, which didn=t seem to have a whole
lot of effect on [Clements].  So [Cobb]
jerked [his] jacket off over [his] head and kind of went to [Clements], and
[they] wound up on the ground.  Then [they]
wound up back again.  Then [they] wound
up on the ground again.  And that=s when the lady [Gasper]
come out screaming.

 

When Gasper screamed, AWhat are
y=all
doing?@, they
both stopped and got up. Cobb then went into Gasper=s house
to clean off his face while Gasper called the police.

When
asked on cross-examination whether Clements had ever punched him, Cobb
responded, AYes,@ and AI can=t tell
you exactly where all.  I know I had
knuckle prints in my head where I felt them.@
[Emphasis added.]  Upon further
questioning about how many times he thought he had been hit in the head, Cobb
responded, A[t]hree to four times.@  When shown pictures of his face taken after
the incident and questioned about swelling, Cobb responded, AMy nose
is swelled up.@








Deputy
Rodgers, a patrol deputy with the Wise County Sheriff=s
Office, testified that upon arriving at the scene, he met with Cobb inside
Gasper=s
house.  When he first saw Cobb, Cobb was Abeing
treated for some minor cuts and looked like, you know, lacerations and scrapes
on his face.@ 
Deputy Rodgers testified that Cobb looked like he had been punched
numerous times in the face.  On cross,
Deputy Rodgers conceded that the cuts and abrasions were also consistent with
rolling around on the groundCAcould be
somebody dragging somebody=s, you
know, face across pavement.@  When asked, AWere the
injuries that you viewed on Mr. Cobb were they consistent with somebody being
assaulted?@, Deputy Rogers responded, AYes,
sir.@  Deputy Rogers=s report
of the incident was admitted into evidence and stated in pertinent part
that:  AClements
became very angry and jumped over the fence and assaulted Cobb.@

Viewing
the evidence in the light most favorable to the verdict, the jury could have
reasonably inferred that Clements hit Cobb in the face, causing the cut on Cobb=s lip or
the swelling of Cobb=s nose as seen in the
photographs. See Jackson, 443 U.S. at 319, 99 S. Ct. at 2789; see also
Clayton, 235 S.W.3d at 778 (stating that it is the jury=s
responsibility to resolve conflicts in the testimony, to weigh the evidence,
and to draw reasonable inferences from basic facts to ultimate facts).  Therefore, we hold that the evidence is
legally sufficient to support Clements=s
conviction of assault as alleged in the State=s
information.  Accordingly, we overrule
his sole issue.

 

 

 

 

 

 








IV. 
Conclusion

Having
overruled Clements=s sole issue, we affirm the
trial court=s judgment.

 

BOB MCCOY

JUSTICE    

PANEL:  WALKER, MCCOY, and MEIER, JJ.

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)                                                                        

DELIVERED: July 22, 2010

 











[1]See Tex. R. App. P. 47.4.